UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT MCMURRAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORPORAL PHILLIPS, in his individual capacity; CITY OF NAMPA, IDAHO; NAMPA POLICE DEPARTMENT,<br><br>　　　　Defendants. | Case No. 1:25-cv-00713-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Robert McMurray's application to proceed *in forma pauperis* (Dkt. 1). The Clerk of the Court conditionally filed McMurray's Complaint as a result of his in forma pauperis request (Dkt. 2). Pursuant to 28 U.S.C. § 1915, the Court must review McMurray's application to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-cv-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2)(B), the Court may "dismiss the case at any time if the court determines ... the action ... fails to state a claim on which relief may be granted." Without reaching the substance of his

MEMORANDUM DECISION AND ORDER - 1

complaint, the Court will deny McMurray's application to proceed in forma pauperis without prejudice.

## ANALYSIS

Plaintiffs who wish to pursue civil lawsuits in this district must pay a filing fee. 28 U.S.C. § 1914(a). If plaintiffs wish to avoid that fee, they must submit an affidavit showing they are unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an in forma pauperis application is sufficient where it alleges that affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). The IFP statute does not define what constitutes insufficient funds, but the Ninth Circuit has recognized that "[o]ne need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id.* (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

McMurray is employed at Macy's in Denver, Colorado, where he makes $2,800 a month, or $33,600 annually. McMurray's annual household gross income of $33,600 is significantly higher than the 2024 federal poverty guideline income for a household of one person, which is $15,960. *See* 2026 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited

March 4, 2026). McMurray has one eleven-year-old son but does not specify how much he contributes for his son's support. His monthly expenses for rent ($1,800 per month), insurance ($116.55 per month), utilities ($100), and gas ($180 per month) amount to $2,196.55 a month. He has $160 in his checking account, and his sole asset is a 2012 Nissan Rogue valued at $3,200. He lists no debt. This leaves McMurray with approximately $600 in discretionary income each month.

Given that McMurray exceeds the federal poverty level guidelines, and he has $600 of monthly discretionary income, the Court finds McMurray fails to allege poverty with "particularity, definiteness, and certainty." *See Simerlink v. Coll. of Idaho*, No. 1:25-CV-00157-BLW, 2025 WL 1426438, at *1 (D. Idaho May 15, 2025) (denying IFP application when the plaintiff's household income exceeded poverty threshold identified by the Department of Health and Human Services and paying the filing fee would not deprive plaintiff of the necessities of life); *Antonio Monterey D. v. O'Malley*, No. 3:3:24-CV-00051-BGS, 2024 WL 1574977, at *1 (S.D. Cal. Mar. 11, 2024) (denying the plaintiff's motion to proceed IFP when the plaintiff's annual gross income of $24,999.96 was significantly higher than the federal poverty guideline income, and his monthly expenses were $500 less than his monthly income); *Johnson v. Leokane*, No. 08-00432 ACK-KSC, 2008 WL 4527065, at *3 n.2 (D. Haw. Oct. 9, 2008) (denying plaintiff's IFP application where the plaintiff's annual household gross income was $14,124, which was $2,164 more than the federal poverty guideline).

**MEMORANDUM DECISION AND ORDER - 3**

Accordingly, McMurray's motion is denied without prejudice and with leave to pay the filing fee. Although the Court did not screen McMurray's complaint under 28 U.S.C. § 1915 to determine whether he states a claim on which relief may be granted, it appears that McMurray states colorable claims for relief under 42 U.S.C. § 1983 and should be permitted to proceed upon payment of the filing fee.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff Robert McMurray's application to proceed *in forma pauperis* (Dkt. 1) is **DENIED** without prejudice.

2. Plaintiff has 28 days to pay the applicable filing fee. If he does not do so, this case may be dismissed without prejudice and without further notice.



DATED: March 4, 2026

B. Lynn Winmill
U.S. District Court Judge